WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Young Alegria, ) | No. CV 11-809-TUC-HCE |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| United States of America, ) | |
| Defendant. ) | |

The Magistrate Judge has jurisdiction over this matter pursuant to the parties' consent. *See* 28 U.S.C. § 636(c). (*See* Doc. 14). Pending before the Court is Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. 8). Plaintiff has filed a Response (Doc. 10) and Defendant has filed a Reply. (Doc. 15). For the following reasons, Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement is denied.

**I.      Factual & Procedural Background**

Plaintiff, through counsel, has filed the instant action pursuant to the Federal Torts Claims Act, 28 U.S.C. §2671, *et seq.* (hereinafter "FTCA"). (Doc. 1). The named defendant is the United States of America, which "owns and operates the prison facility known as the Federal Correctional Facility-Tucson." (hereinafter "FCF"). (Complaint, ¶3). In addition to sections relating to jurisdiction, venue, and standing, Plaintiff's Complaint contains

sections captioned "FACTS OF THE CLAIM" and "CLAIM FOR RELIEF".

Plaintiff's Complaint, under "FACTS OF THE CLAIM", contains the following allegations. As of July 22, 2008, when Plaintiff was 65 years of age, he was incarcerated at the FCF where "[h]e was noted to suffer from hypertension and hyperlipidemia, and taking medications with known anti-diuretic effects." (Complaint, ¶¶7, 9). The events giving rise to Plaintiff's claim began on August 1, 2008, when, according to Plaintiff, "Defendant, through its correctional officers...." subjected Plaintiff "to a mandatory drug screen, and requested that [he] provide a urine sample." (*Id.* at ¶9). If Plaintiff did not provide a urine sample within two hours of the request, prison rules and procedures required staff to file an incident report causing Plaintiff to face disciplinary proceedings. (*Id.* at ¶11 (*citing* PS 6060.08 §550.31)). Defendant was required to keep Plaintiff under direct supervision and to provide him with only eight ounces of water to drink, if necessary. (*Id.* at ¶12). Plaintiff's medications prevented him from being able to provide a urine sample. (*Id.* at ¶13). "Defendant threatened [him] with disciplinary proceedings and failed to limit his access to water." (*Id.* at ¶14). To avoid punishment, Plaintiff drank water but was, nonetheless, unable to urinate. (*Id.* at ¶15). Instead, he became weak, disoriented and confused as a result of the increased water intake and he began to suffer from hyponatremia and hypokalemia, but staff failed to contact medical providers and failed to limit Plaintiff's water intake as required. (*Id.* at ¶¶16-17).

On August 2, 2008, when staff noted that Plaintiff was nonresponsive to verbal commands, unable to stand, disoriented, and had blood around his mouth, Plaintiff was transported to St. Mary's Hospital emergency room. (*Id.* at ¶18). At the hospital, Plaintiff was noted to have suffered an epidural hematoma starting at C7 and extending to T7 with cord compression. (*Id.* at ¶19). Plaintiff suffered paraplegia, requiring extensive rehabilitation and ongoing use of a wheelchair. (*Id.* at ¶20).

In the section of his Complaint captioned "CLAIM FOR RELIEF", Plaintiff alleges the following. The correctional staff involved in supervising and caring for him were federal employees acting in the scope of their employment and they had the "duty to provide

reasonable correctional services, including competent administration of urine drug protocols and..." to timely contact medical staff for inmates with serious medical conditions. (*Id.* at ¶¶22-23). "Defendant failed [sic] exercise reasonable care in administering a urine drug test, insofar as they failed to keep Mr. Alegria in direct visual supervision, failed to limit his water intake, and failed to timely summon medical care for his serious medical conditions....Defendant's conduct was negligent and/or grossly negligent in that it violated the applicable standard of care and its own protocols in administering urine drug testing and timely summoning medical care." (*Id.* at ¶¶24-25). According to Plaintiff, as a direct and proximate result of "the common law claims against Defendant...[he] suffered bodily injury...", incurred medical costs, and suffered wage loss and/or loss of earning capacity. (*Id.* at ¶27).

## II. DISCUSSION

Defendant seeks dismissal of Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Defendant moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Defendant also contends that the Complaint fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure.

### A. Defendant's Motion to Dismiss for Failure to State a Claim

#### 1. Standard

To state a claim for relief under Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Further, "'[t]o survive a motion to dismiss [under Fed.R.Civ.P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;' that is, plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Telasaurus VPC, LLC. v. Power,* 623 F.3d 998, 1003 (9th Cir.

2010), *cert. denied*, __ U.S. __, 132 S.Ct. 95 (2011), (*quoting Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)); *see also Moss v. United States Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (to defeat a motion to dismiss, the "non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1990), *abrogated on other grounds by Twombly,* 550 U.S. 544.

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint..." does not apply to legal conclusions. *Iqbal,* 556 U.S. at 678; *see also Telasaurus,* 623 F.3d. at 1003 (pleadings that are no more than legal conclusions "'are not entitled to the assumption of truth.'" (*quoting Iqbal,* 556 U.S. at 679)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

However, the court will assume "'well-pleaded factual allegations,'...to be true, 'and then determine whether they plausibly give rise to an entitlement to relief.'" *Telasaurus,* 623 F.3d. at 1003 (*quoting Iqbal*, 556 U.S. at 679); *see also Iqbal,* 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678.

The Ninth Circuit has distilled the standard into the following two principles:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011).

Additionally, Rule 10(b) of the Federal Rules of Civil Procedure requires that "each

claim founded on a separate transaction or occurrence...must be stated in a separate count..." if doing so would promote clarity. Fed.R.Civ.P. 10(b). Enforcement of Rule 10 of the Federal Rules of Civil Procedure is discretionary with the court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See Montes v. Arizona,* 2012 WL 414241, *3 (D. Ariz. February 9, 2012) (*citing Benoit v. Ocwen Financial Corp.*, 960 F.Supp. 287 (S.D. Fla.1997)) (compliance with rule required where allegations were so confusing, conclusory and commingled that it was impossible to determine nature of claims).

## **2. Analysis**

The Supreme Court has been clear that to satisfy the Rule 8 pleading standards, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*quoting Twombly,* 550 U.S. at 555). Plaintiff's Complaint sets forth detailed factual allegations that go well beyond reciting the elements of a cause of action for negligence and/or gross negligence.[1] Plaintiff's "allegations are neither 'bald' nor 'conclusory,' and hence are entitled to the presumption of truth." *Starr,* 652 F.3d at 1216 (*quoting Iqbal,* 556 U.S. at 681). Plaintiff alleges that Defendant had notice of Plaintiff's medical conditions and that he was taking medications with known anti-diuretic effects.

---

[1] In its Reply, Defendant objects to Plaintiff pleading alternative theories of negligence and gross negligence without identifying which of the alleged acts were negligent and which were grossly negligent. (Defendant's Reply, p.2). However, Rule 8 is clear that

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Fed.R.Civ.P. 8(d)(2). *See also* Charles Alan Wright, et. al., 5 *Federal Practice & Procedure,* §1282 (3rd ed. 2012) ("under Rule 8([d])(2), a party may plead alternatively or hypothetically within a single count or defense, or assert separate claims or defenses in an alternative or multiple manner."). Consequently, Plaintiff's reliance on the same facts to plead in the alternative is not fatal.

Plaintiff alleges that he was unable to provide a urine sample for a mandatory drug screen and he began to drink water in an unsuccessful attempt to provide the requested sample. Plaintiff specifically alleges that, in accordance with prison rules and procedure, Defendant was required to keep Plaintiff under direct visual supervision and to provide him with only eight ounces of drinking water, if necessary. Plaintiff also alleges that Defendant violated protocol by failing to keep Plaintiff under direct visual supervision and failing to limit Plaintiff's access to water. Plaintiff further alleges that when he became weak, disoriented, and confused as a result of the increased water intake, which he was unable to excrete, Defendant failed to timely contact medical providers. Plaintiff alleges that Defendant's failure to exercise reasonable care in administering the drug test and to timely summon medical care caused Plaintiff to suffer from hyponatremia, hypokalemia, and an epidural hematoma starting at C7 and extending to T7 with cord compression which ultimately resulted in paraplegia.

Defendant argues that the Complaint is defective "because it does not inform the government as to the duty or duties the prison owed to the defendant to conform to a certain standard of care under Arizona law, the breach of that duty which gives rise to a claim of negligence, and damages caused in fact by that breach." (Defendant's Reply, p.2) (emphasis omitted). Defendant also contends that the facts alleged in the Complaint support six separate failures to act which are alleged to possibly have violated more than one standard and, as such, Plaintiff should be required to allege each claim in separate counts. (*Id.* at pp. 2-3).

Liability under the FTCA is determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1341(b)(1). In Arizona, "[t]o establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach of the duty of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey,* 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007). The Arizona court has explained:

> The existence of a duty of care is a distinct issue from whether the standard of care has been met in a particular case. As a legal matter, the issue of duty involves generalizations about categories of cases. Duty is defined as an "obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." [*Markowitz v. Ariz. Parks Bd.,* 146 Ariz. 352, 354, 706 P.2d 364, 366 (1985)] (*citing Ontiveros* [*v. Borak*], 136 Ariz. [500,]...504, 667 P.2d [200,]...204 [(1983)]). The standard of care is defined as "[w]hat the defendant must do, or must not do ... to satisfy the duty." *Coburn v. City of Tucson*, 143 Ariz. 50, 52, 691 P.2d 1078, 1080 (1984) (*citing* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 53, at 356 (5th ed.1984)). Whether the defendant has met the standard of care—that is, whether there has been a breach of duty—is an issue of fact that turns on the specifics of the individual case.

*Id.* at 143, 150 P.3d at 230. Further, "absent some duty, an action for negligence cannot be maintained." *Id.* (citation omitted). With specific regard to proximate cause, Plaintiff must show that a natural and continuous sequence of events stemming from the defendant's act or omission, unbroken by an efficient intervening cause, produced the injury, in whole or in part, and without which the injury would not have occurred. *Barrett v. Harris,* 207 Ariz. 374, 378, 86 P.3d 954, 958 (App. 2004).

The allegations of Plaintiff's Complaint are clear that Plaintiff was in the care and custody of the federal prison which had established rules and procedures governing obtaining urine samples from inmates for drug screening. Plaintiff also alleges that Defendant "had a duty to provide reasonable correctional services, including the competent administration of urine drug protocols and the timely contacting of medical staff for inmates with serious medical conditions...Defendant failed [sic] exercise reasonable care in administering a urine drug test, insofar as they failed to keep Mr. Alegria in direct visual supervision, failed to limit his water intake, and failed to timely summon medical care for his serious medical conditions." (Complaint, ¶¶23-24). The Complaint identifies the alleged relationship between Plaintiff and Defendant, the obligation allegedly owed to Plaintiff by Defendant "'which requires the defendant to conform to a particular standard of conduct in order to protect [plaintiff]...against unreasonable risks of harm.'" *Gipson,* 214 Ariz. at 143, 140 P.3d at 230 (*quoting Markowitz,* 146 Ariz. at 354, 706 P.2d at 366).

Plaintiff asserts that "[a]ll of Defendant's failures...constitute an aggregate of facts

supporting the single claim of negligence. Each failure is connected as part of a single, unified transaction beginning with Defendant's initiating an attempted drug screen of Mr. Alegria, through Defendant's failure to monitor him and timely summon medical care, and culminating in his physical injuries and hospitalization. Thus, Mr. Alegria is not required to separate his claim into separate counts. Contrary to Defendant's argument, separating the facts that form a coherent narrative, and dividing them into separate parts would not assist in promoting clarity." (Plaintiff's Response, pp. 8-9). Plaintiff's argument is well-taken. "*Iqbal* demands more of plaintiffs than bare notice pleading, *see Iqbal,* 556 U.S. at 677-78, 129 S.Ct. 1937; *Twombly,* 550 U.S. at 562-63, 127 S.Ct. 1955, but it does not require us to flyspeck complaints looking for any gap in the facts." *Lacey v. Maricopa County,* 693 F.3d 896, 924 (9th Cir. 2012). A plain reading of the Complaint supports the conclusion that Plaintiff alleges a related sequence of events that, taken altogether, allegedly caused his injuries and hospitalization. Plaintiff's Complaint provides Defendant with fair notice of what his claim is and the grounds upon which it rests.

Defendant takes specific issue with Plaintiff's allegation that he developed paraplegia as a result of Defendant's actions and/or inactions. Defendant asserts that "[f]or all we know, the plaintiff fell out of his hospital bed, injuring his back, which in turn led to the onset of a hematoma on his spine, which caused the paralysis." (Defendant's Reply, p. 3). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A complaint cannot survive dismissal where the court can only infer that a claim is merely possible rather than plausible. *Id.* Moreover, with respect to assessing "plausibility" the Ninth Circuit has explained:

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this

> stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief." [*Iqbal,* 556 U.S. at 679]....As the Court wrote in *Twombly*, Rule 8(a) "*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations. *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 (emphasis added).

*Starr,* 652 F.3d at 1216-17 (emphasis in original). The Ninth Circuit has also acknowledged that

> when a plaintiff presses an implausible claim, lack of access to evidence does not save the complaint. *See Iqbal,*...[556 U.S. at 678] (Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). But where the claim is plausible—meaning something more than "a sheer possibility," but less than a probability—the plaintiff's failure to prove the case on the pleadings does not warrant dismissal. *Id.* at...[678].

*OSU Student Alliance v. Ray,* __ F.3d. __, 2012 WL 5200341, *18 (9th Cir. Oct. 23, 2012). In this case, Defendant's suggestion that another event may have caused Plaintiff's paralysis does not render Plaintiff's allegations implausible in light of the other allegations in the Complaint. Instead, Plaintiff's Complaint provides "'enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Starr* 652 F.3d at 1217 (*quoting Twombly,* 550 U.S. at 556). Under such circumstances, the "complaint survives a motion to dismiss under Rule 12(b)(6)." *Id.* at 1216.

Plaintiff alleges that "[e]ach of the correctional staff members who were involved in supervising and caring for Mr. Alegria in the prison as described [in the Complaint]...were at all times relevant, federal employees in the scope of employment." (Complaint, ¶22). Defendant takes issue with Plaintiff's failure to identify any individual employee, by either name or description, who, while acting within the scope of their employment, committed the acts, and/or failures to act, set forth in the Complaint. The FTCA allows a limited waiver of the sovereign immunity of the United States for torts caused by any "employee" of the United States while acting within the scope of their employment. 28 U.S.C. §1346(b)(1); *Valadez-Lopez v. Chertoff,* 656 F.3d 851, 858 (9th Cir. 2011); *Nurse v. United States,* 226 F.3d 996, 1000 (9th Cir. 2000). The statute defines "[e]mployee of the government" to include "officers or employees of any federal agency...." 28 U.S.C. §2671. However, the

term "[f]ederal agency" excludes "any contractor with the United States." *Id.* "The government may be sued under the [FTCA]...'for the actions of a government contractor and its employees' only if the contractor is acting as an agent of the government, i.e. 'if the government has the authority [']to control the detailed physical performance of the contractor['] and supervise its [']day-to-day operations['].'" *Valadez-Lopez,* 656 F.3d at 858 (*quoting Letnes v. United States*, 820 F.2d 1517, 1518 (9th Cir.1987) (*quoting* United States v. Orleans, 425 U.S. 807, 814–15 (1976)). Defendant contends that the "Complaint lacks sufficient particularity to permit the Untied States to assert potential jurisdictional defenses." (Defendant's Motion, pp. 4-5). Plaintiff counters that, in cases where the plaintiff does not know the name of a defendant prior to filing a complaint, the Ninth Circuit has allowed the opportunity through discovery to identify the unknown defendant. (Plaintiff's Response, p. 7 (*citing Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999); *Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980)). Plaintiff asserts that he "is entitled to no less a right to conduct discovery to identify the individual staff members." (*Id.* at pp. 7-8).

The United States is the only proper Defendant in an FTCA action. *Kennedy v. United States Postal Service,* 145 F.3d 1077, 1078 (9th Cir. 1998). Thus, unlike *Wakefield* and *Gillespie,* cited by Plaintiff, there are no unknown defendants. However, those cases teach that, in certain circumstances, a case may proceed while the plaintiff conducts discovery to identify defendants whose names are unknown unless it is clear that discovery would not uncover the identities.

Prior to filing a suit under the FTCA, the Plaintiff must first exhaust administrative remedies. 28 U.S.C. §2675; *see also* 28 C.F.R. § 14.1, *et. seq.* The exhaustion requirement was added to the FTCA to "'make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage. That agency would have the best information concerning the activity which gave rise to the claim. Since it is the one directly concerned, it can be expected that claims which are found to be meritorious can be settled more quickly without the need for filing suit and possible expensive and time-consuming litigation.' S.Rep. No. 1327, 89th Cong., 2d Sess., 3 (1966), *U.S.Code Cong.*

& *Admin.News* 1966, pp. 2515, 2517." *McNeil v. United States,* 508 U.S. 106, 112 n.7 (1993). Plaintiff alleges that he has exhausted administrative remedies under the FTCA. (Complaint, ¶5 ("On June 15, 2011, the U.S. Department of Justice, Federal Bureau of Prisons issued a final denial of the administrative claim in this matter....Accordingly, all the jurisdictional prerequisites to the filing of a claim under the FTCA have been satisfied.")).

Defendant points out that Plaintiff "did not specifically deny that he knows the names of those individuals who committed the alleged acts."[2] (Defendant's Reply, p.4). Likewise, Defendant never specifically alleges that the government is unaware of the identity of the prison staff allegedly involved. Given that the FTCA requires exhaustion of administrative remedies prior to filing suit, it is unclear on the instant record how either party is unaware of the identity of the alleged governmental employees whose conduct is at issue. *Cf. Castillo v. Norton,* 219 F.R.D. 155, 162 (D.Ariz. 2003) (where complaint alleging Title VII violation named federal agency as the defendant but did not identify the specific governmental actor, the court noted that the EEOC charge filed as a prerequisite to filing suit placed the defendant on notice of the plaintiff's claims, and held that "[r]equiring [plaintiff] to produce even more facts at this stage is inequitable.").[3]

> [T]o state a claim within the FTCA's waiver of sovereign immunity, [plaintiff]...must allege negligence (1) by "officers or employees of a[ ] federal agency," which includes executive departments such as ICE and the Department of Homeland Security but which does not include contractors, 28 U.S.C. § 2671; (2) by "persons acting on behalf of a federal agency in an official capacity," *id*.; or (3) by a government contractor over whose "day-to-day operations" the government maintains "substantial supervision," *Letnes*, 820 F.2d at 1519 (citing *Ducey v. United States*, 713 F.2d 504, 516 (9th Cir.1983)).

*Valadez-Lopez,* 656 F.3d at 858. In *Valadez-Lopez,* the Ninth Circuit recently dismissed an

---

[2] Plaintiff's assertion that he is entitled to the right to discovery to identify the individual staff members, (Plaintiff's Response, pp. 7-8), suggests that he does require discovery to find the names and that they are not readily available.

[3] The court also pointed out that Title VII, like the FTCA, "ultimately imposes liability on the agency, not the individual employees." *Castillo,* 219 F.R.D. at 162 (*citing Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir. 1993)).

FTCA claim where the plaintiff, who had been "detained in local jails, by all accounts staffed by local officials, that maintain contracts with the federal government to house immigration detainees[]", filed suit regarding his immigration detention pending removal. *Id.* at 859. Although the plaintiff's complaint identified specific federal actors by name, the court dismissed the FTCA claim because, the plaintiff's complaint

> does not identify how any federal government employee negligently caused or contributed to his being deprived of his schizophrenia medication, nor does he state that any other defendants acted on behalf of a federal agency in an official capacity, *see* 28 U.S.C. § 2671, or that they qualified as government contractors for whose conduct the United States is liable under the FTCA, *see Letnes*, 820 F.2d at 1518–19. Rather, the complaint makes vague and somewhat incomprehensible assertions concerning the federal employees. To conclude that such a complaint stated claims sufficient to invoke the waiver of sovereign immunity would unreasonably require trial courts and defendants to piece together a theory of liability from a string of unrelated and incoherent assertions. *See Ove v. Gwinn*, 264 F.3d 817, 821, 824–25 (9th Cir.2001).

*Id.*

Plaintiff herein alleges negligence by employees of a federal agency acting within the scope of their employment. Plaintiff alleges that he was incarcerated in a *federal* prison. Plaintiff alleges *how* alleged *federal employees acting within the scope of their employment at the federal prison* negligently caused the injuries of which he complains. Although there is no dispute that if the correctional staff were not officers or employees of a federal agency, persons acting on behalf of a federal agency in an official capacity, or a government contractor over whose day-to-day operations the government maintained substantial supervision, as defined by the FTCA, then jurisdiction will be lacking and/or Plaintiff has failed to state a claim. *See id.* However, Defendant has not argued, nor provided a basis to believe, that correctional staff at the prison was comprised of independent contractors on the dates in question. A complaint "must aver 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Iqbal,* 556 U.S. at 678). At this point in the proceeding, it is plausible that the unidentified correctional staff at the federal prison who were involved in the events at issue were federal employees acting within the scope of their employment. *See Starr,* 652 F.3d at 1216-17 ("[plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that

plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations need only plausibly suggest an entitlement to relief.") (emphasis in original) (internal quotation marks and citation omitted). *Cf. United States v. Turbow,* 214 F.2d 192 (9th Cir. 1954) (permitting FTCA premises liability claim to proceed where negligence was not attributed to a specific federal employee); *Gourgeot v. United States Postal Serv.,* 2008 WL 4724382 (E.D. La. Oct. 24, 2008) (where defendant did not allege or provide evidence that any other non-governmental party was responsible, plaintiff stated FTCA claim even though plaintiff did not identify specific individual); *Watson v. United States,* 90 F.Supp. 900 (D. Alaska 1950) (permitting FTCA claim even though neither party produced any evidence as to the identity of the bus driver who injured the plaintiff). Plaintiff has satisfied Rule 8 pleading requirements. At this point in the proceeding, the best course is to permit the case to proceed, but to permit Defendant to refile a motion to dismiss challenging the status of the alleged staff at issue once sufficient discovery has occurred.[4] Consequently, Defendant's Motion to Dismiss is denied without prejudice.

---

[4] Defendant's citation to *Mathis v. United States,* 2011 WL 4352291 (D. Ariz. Sept. 16, 2011), augments rather than detracts from the instant analysis. In *Mathis,* an FTCA wrongful death action premised on medical malpractice, the Plaintiff alleged negligence attributable to Dr. Collins and also alleged that other unidentified staff of the hospital, "may also bear a portion of the negligence." *Mathis,* CV 10-8157-PCT-FJM at Doc. 1, ¶2. The government moved for dismissal, in part, because Dr. Collins was an independent contractor under the FTCA and because Plaintiff failed to show other government employees were at fault. *Id.* at Docs. 10, 57. The parties stipulated that plaintiff could conduct discovery regarding work status of specific medical personnel believed to have been involved in the care and treatment of the decedent. *Id.* at Docs. 17, 22. The claims against unidentified hospital staff were later dismissed "following jurisdictional discovery." *Mathis,* 2011 WL 4352291 at *1. The instant Plaintiff alleges that unidentified federal prison correctional staff employed by the federal government were involved in the acts, and/or failures to act, giving rise to his claim. Consistent with *Mathis,* once sufficient time for discovery has passed, Defendant may renew its motion to dismiss on this issue.

### B. Defendant's Alternative Motion for a More Definite Statement

#### 1. Standard

Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e). "Rule 12(e) is designed to strike at unintelligibility rather than want of detail." *Resolution Trust Corp. v. Dean,* 854 F.Supp. 626, 649 (D.Ariz. 1994) (citations omitted); *see also Castillo,* 219 F.R.D. at 163 (same). Because "'pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim[,]'" Rule 12(e) motions are not favored by the courts. *Dean,* 854 F.Supp. at 649 (*quoting A.G. Edwards & Sons, Inc. v. Smith,* 736 F.Supp. 1030, 1032 (D. Ariz. 1989)); *see also C.B. v. Sonora School Dist.,* 691 F.Supp.2d 1170, 1191 (E.D. Cal. 2010) ("The Court must deny the motion if the complaint is specific enough to notify the defendant of the substance of the claim being asserted."). Moreover, "[t]he Rules of Procedure further anticipate that the parties will familiarize themselves with the claims and facts through the discovery process." *Colonial Savings, FA v. Gulino,* 2010 WL 1996608, *10 (D.Ariz. May 19, 2010) (*citing Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F.Supp. 940, 949 (E.D. Cal. 1991)). Therefore, "'[w]here the information sought' by the moving party 'is available through the discovery process, a Rule 12(e) motion should be denied.'" *Id.*, 2010 WL 1996608 at *10 (*quoting Castillo,* 219 F.R.D. at 164); *see also Famolare, Inc.,* 525 F.Supp. at 949 ("where the information sought by the moving party is available and/or properly sought through discovery the motion should be denied.").

#### 2. Analysis

Defendant argues that if dismissal is not warranted, then, Plaintiff minimally should be required to file a more definite statement providing notice as to the claimed cause of his paralysis; the specific acts committed and/or failures to act by federal employees that were a proximate cause or contributing factor of his paralysis; and the name, title, and/or job

- 14 -

1 | description of the federal employees. (Defendant's Motion, pp. 5-6).

As discussed *supra,* at II.A.2, the Complaint is specific enough to satisfy the requirements of notice pleading under Fed.R.Civ.P. 8. Defendant does not contend the complaint is unintelligible, but rather that it suffers from lack of detail. A motion for a more definite statement under Rule 12(e) is ordinarily restricted to situations where a pleading suffers from unintelligibility rather than lack of detail. *Castillo,* 219 F.R.D. at 163. Moreover, a Rule 12(e) motion "is not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes." *Id.* (internal quotation marks and citations omitted); *see also Colonial Savings, FA,* 2010 WL at *10. Here, "[t]he Complaint is specific enough–and the scope of discovery is broad enough–to enable the [Defendant] to answer the charges and initiate a defense." *Castillo,* 219 F.R.D. at 164. Defendant's alternative Motion for a More Definite Statement is denied.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff has met the pleading requirements to state a claim for relief. Further, the allegations in the Complaint are not so unintelligible or confusing as to require a more definite statement under Rule 12(e). Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. 8) is DENIED without prejudice.

DATED this 20th day of November, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge